UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANGE CAPITAL HOLDINGS I, LLC,

              Plaintiff,

– *against* –

VIGIL INDUSTRIAL PROTECTION, LLC,
BUSBY INTERNATIONAL, INC., VIGIL
INVESTMENT PARTNERS LLC,
INSULATION CONTRACTING &
SUPPLY LLC, *and* PATRICIO TAMEZ
VIGIL,

              Defendants.

**ORDER**

24 Civ. 9057 (ER)

Ramos, D.J.:

      On May 16, 2025, Change Capital Holdings requested a conference to discuss Defendants' alleged failure to comply with discovery requests, and seeking leave to file a motion to compel. Doc. 25. In its letter, Change Capital Holdings stated that on May 1, 2025, it had reached out to counsel for Defendants, Anthony Montoya, to discuss these issues; Mr. Montoya "explained via email that he had been unable to connect with his clients for some time and that he would likely be withdrawing as counsel." *Id.* Further, Change Capital Holdings stated that at a later meet-and-confer on May 13, 2025, Mr. Montoya "explained that he was still unable to speak with his clients and that he was unsure whether they would complete the responses without a court order." *Id.*

      The Court scheduled a telephonic premotion conference for June 4, 2025, at 10 a.m.; however, Defendants—and Defendants' counsel—failed to appear. Therefore, on June 4, the Court issued an order re-scheduling the telephonic conference to June 25, 2025, and advising Defendants that "failure to appear at the conference may result in adverse action, including entry of default against them." Doc. 27.

      On June 25, 2025, counsel for both parties appeared at the telephonic conference; they informed the Court that Defendants still had not responded to any discovery

requests, despite being aware of the requests. Moreover, Mr. Montoya stated that his clients had indicated to him that they wanted new counsel. On the record, the Court granted Change Capital Holding's motion to compel, and it stated that Defendants must produce discovery on or before July 9, 2025. The Court directed Mr. Montoya to communicate that ruling to its client, and to additionally communicate to Defendants the Court's directive that, should Mr. Montoya withdraw as counsel, new counsel for Defendants must enter an appearance by no later than July 23, 2025; finally, the Court directed Mr. Montoya to file a letter on the docket confirming that he advised Defendants as to the Court's rulings regarding the motion to compel and the appearance of new counsel.

On July 3, 2025, Mr. Montoya filed a letter requesting to be relieved as counsel. Doc. 31. However, Mr. Montoya did not confirm whether he advised Defendants of the Court's order compelling them to respond to the discovery requests by July 9, 2025, or of the Court's order directing that Defendants' new counsel file a notice of appearance by July 23, 2025.

Mr. Montoya is directed to file a letter confirming that he has informed all Defendants as to both of the Court's orders, by the end of the day on July 8, 2025.

It is SO ORDERED.

Dated:   July 7, 2025
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.